**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000195
27-JUN-2025
08:20 AM
Dkt. 64 SO**

NO. CAAP-23-0000195

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
HARBORVIEW MORTGAGE LOAN TRUST 2005-8, MORTGAGE LOAN
PASS-THROUGH CERTIFICATES, SERIES 2005-8, Plaintiff-Appellee,
v.
BRENDA COLBURN, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR COUNTRYWIDE HOME LOANS, INC.; UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE;
STATE OF HAWAII-DEPARTMENT OF TAXATION, Defendants-Appellees,
and DOES 1 THROUGH 20, INCLUSIVE, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC18100174K)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Brenda **Colburn** appeals from the February 23, 2023
*Judgment* for **U.S. Bank** N.A. entered by the Circuit Court of the
Third Circuit.[1]  She challenges the February 23, 2023 *Order
Approving Commissioner's Report and Granting [U.S. Bank's] Motion
for Confirmation of Foreclosure Sale, Allowance of Costs,
Commissions and Fees, Distribution of Proceeds, Directing
Conveyance and for Writ of Possession/Ejectments*.  We affirm.

---

[1]     The Honorable Wendy M. Deweese presided.

U.S. Bank sued Colburn on September 7, 2018, to foreclose a mortgage on Colburn's **Property** in Kamuela, Hawaiʻi. On December 30, 2021, the Circuit Court entered an order granting U.S. Bank's motion for summary judgment, appointing a foreclosure **Commissioner**, and directing the Commissioner to sell the Property by public auction. A foreclosure judgment was also entered on December 30, 2021. The judgment divested Colburn of ownership of the Property, even though legal title would not pass until entry of an order confirming the foreclosure sale. Bank of New York Mellon v. Larrua, 150 Hawaiʻi 429, 440, 504 P.3d 1017, 1028 (App. 2022). Colburn didn't appeal from the foreclosure judgment.

Colburn filed for Chapter 13 bankruptcy on May 19, 2022. That automatically stayed the foreclosure proceeding under 11 U.S.C. § 362. The Circuit Court entered a stay order on June 9, 2022. The bankruptcy case was dismissed on July 11, 2022, after Colburn failed to file required documents. On September 27, 2022, the Circuit Court entered an order lifting the stay nunc pro tunc July 11, 2022. The Commissioner then scheduled a public auction for September 30, 2022.

On September 29, 2022, Colburn moved for an order instructing the Commissioner "to provide reasonable access to the subject property so that a property valuation may be completed as necessary to facilitate a pending private sale and possible settlement among the parties to this foreclosure action." Colburn's declaration supporting the motion stated she had contracted to sell the Property to **Peak Mountain** LLC on May 22, 2022. But her bankruptcy was pending at that time. Any interest she had in the Property was the property of the bankruptcy estate. 11 U.S.C. § 1306(a)(1). The record does not show Colburn submitted, or the bankruptcy court approved, a Chapter 13 plan, or that the court otherwise authorized the sale of the Property. Nevertheless, Colburn's declaration stated that U.S. Bank required an appraisal to evaluate the short sale.

Colburn's motion was heard on December 5, 2022. Colburn's attorney stated the sale to Peak Mountain was "in escrow."

The Circuit Court asked for the sale amount.

Counsel responded: "I forget the exact amount off-hand. I think it was stated in the motion.[2] That amount is negotiable."

The court asked for U.S. Bank's position.

U.S. Bank's counsel responded:

> [W]e see some of these happen at the last hour right before confirmation.
>
> You know, I know that our clients as well as federal regulations require certain reviews if complete loss mitigation applications are received.
>
> . . . .
>
> Whether they will agree to it here or not, I don't have that information because I know that numerous factors go into those applications and those approvals.
>
> So it would all really depend on whether Miss Colburn can get a completed application, all of the information required to complete a review and whether there is something to be negotiated there.
>
> And like I said, those pieces behind the scenes are outside of my control.

The Circuit Court orally granted Colburn's request for appraisal access, but denied her request that the Commissioner not be compensated for time spent on the appraisal.[3]

Meanwhile, the Commissioner filed a report on October 19, 2022. U.S. Bank was the only bidder at the public auction, submitting a credit bid of $473,005.24. U.S. Bank moved to confirm the foreclosure sale on October 21, 2022. On February 23, 2023, the Circuit Court entered an order approving the Commissioner's report and confirming the foreclosure sale, and the Judgment. This appeal followed.

---

[2] It was not.

[3] A written order was entered on February 3, 2023.

An order confirming a foreclosure sale is reviewed for abuse of discretion. U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills Condo., 150 Hawaiʻi 573, 581, 506 P.3d 869, 877 (App. 2022). Colburn contends the Circuit Court abused its discretion by confirming the foreclosure sale because the Commissioner denied access to the Property for an appraisal. She argues she "should be afforded an opportunity to exercise her equitable right of redemption, which right was previously breached by the Circuit Court and its appointed Commissioner." She relies on Santiago v. Tanaka, 137 Hawaiʻi 137, 366 P.3d 612 (2016).

In Santiago, the supreme court stated:

> Because equity abhors forfeitures and regards and treats as done what ought to be done, it is typical in foreclosure cases that a right to **_cure a default_** and stop the foreclosure continues up to the day of the confirmation of the sale. Thus, Hawaiʻi's courts would not prevent a mortgagor from **_curing the default_** and halting the foreclosure prior to the entry of a written order confirming the foreclosure sale.

Id. at 157, 366 P.3d at 632 (cleaned up) (bold italics added). To cure a default, the mortgagor must pay the mortgagee all delinquent payments, plus attorney fees and all other fees and costs incurred by the foreclosing mortgagee related to the default. Mount v. Apao, 139 Hawaiʻi 167, 178, 384 P.3d 1268, 1279 (2016).

Colburn was not trying to cure her default. She was seeking U.S. Bank's agreement to a short sale of the Property to Peak Mountain. Colburn blames the Commissioner and the Circuit Court for "depriv[ing her] of her ability to resolve this matter with U.S. Bank via private sale." We see no error or abuse of discretion by the Commissioner or the Circuit Court.

A foreclosure commissioner takes possession of the foreclosed property and preserves it for the benefit of the person or entity subsequently entitled to it. Larrua, 150 Hawaiʻi at 440, 504 P.3d at 1028. The commissioner is an agent of the court, which determines the commissioner's duties and

powers.  AOAO Waikoloa Hills, 150 Hawai'i at 583, 506 P.3d at 879.  The commissioner

> is vested only with the particular legal and/or equitable powers over the subject property that the court deems necessary to exercise the court's legal and/or equitable powers.  Any powers vested in the commissioner by the court — such as the power to take possession and control, collect rents, preserve value, and offer the property for sale — remain subject to the further orders of the court.

Id. (citation omitted).

Here, the order appointing the Commissioner was entered on December 30, 2021.  The Commissioner was ordered to take possession of the Property, rent it if appropriate, and sell it as-is at public auction after holding two open houses.  Nothing in the order authorized or required private showings of the Property by the Commissioner, or a private sale of the Property.

The Commissioner scheduled the public auction for May 23, 2022.  He held open houses on May 8 and 15, 2022.  On May 16, 2022, the Commissioner learned that Colburn and a realtor were trying to sell the Property (even though entry of the foreclosure judgment divested Colburn of ownership of the Property and Colburn was in bankruptcy).  On May 19, 2022, U.S. Bank's attorney told the Commissioner to postpone the auction because Colburn had filed for bankruptcy in New Mexico.  On May 24, 2022, another realtor told the Commissioner that the Property had been listed on the Multiple Listing Service.  The Commissioner contacted the listing realtor on June 21, 2022.

On June 23, 2022, Arlena **Sefiani**, who claimed to be the "short sale negotiator," emailed the Commissioner, stating "The foreclosure sale date has been cancelled on this property and a short sale review has been opened[.]"  The May 23, 2022 public auction had been canceled, but because of Colburn's bankruptcy, not because U.S. Bank had agreed to a short sale.  On July 11, 2022, Sefiani emailed the Commissioner, asking "What do we need to do to get a court approval to move forward with this transaction . . . ?"  On July 13, 2022, the Commissioner advised

5

Sefiani to retain Hawaiʻi counsel and advise them of the foreclosure and bankruptcy cases.

Colburn's bankruptcy case had been dismissed on July 11, 2022. She could then have sought U.S. Bank's agreement to postpone the auction while she pursued a short sale. That happened in Provident Funding Assocs., L.P. v. Gardner, 149 Hawaiʻi 288, 488 P.3d 1267 (2021). Or she could have moved for instructions to the Commissioner then.

It wasn't until September 27, 2022, that Colburn's attorney asked the Commissioner "to assist with providing access for an appraiser[.]" The Commissioner responded — appropriately — that Colburn would have to "get a court order allowing for a private sale. I will operate within the confines of a court order." See AOAO Waikoloa Hills, 150 Hawaiʻi at 583, 506 P.3d at 879.

Colburn moved for instructions on September 29, 2022. She didn't ask to postpone the public auction. The auction took place on September 30, 2022. The Circuit Court entered an order confirming the sale on February 23, 2023. We conclude, under these circumstances, that the Circuit Court did not abuse its discretion by confirming the foreclosure sale.

The Circuit Court's *Judgment* and *Order Approving Commissioner's Report and Granting Plaintiff's Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments*, both entered on February 23, 2023, are affirmed.

DATED: Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant
Brenda Colburn.

Matthew P. Holm,
for Plaintiff-Appellee
U.S. Bank National

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

6

Association, as Trustee
for Harborview Mortgage
Loan Trust 2005-8, Mortgage
Loan Pass-Through Certificates,
Series 2005-8.